UNITED STATES OF AMERICA

vs.

GARY YOUNG

_____/

CASE NO: 07-CR-20246-DT

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE MONA K. MAJZOUB

## CRIMINAL TRIAL NOTICE AND STANDING ORDER RE:

(1)     Discovery and Inspection of Documents;
(2)     Fixing Plea Cut-off Date;
(3)     Fixing Motion Cut-off Dates;
(4)     Governing Other Pretrial Matters; and
(5)     Fixing Trial Date and Final Status Conference.

The purpose of this Order is to eliminate unnecessary discovery motions and to expedite the presentation of evidence and the examination of witnesses. To the extent it is in conflict with any administrative order, this Order shall govern.

If the parties intend to resolve this case by a plea agreement pursuant to Federal Rules of Criminal Procedure 11, the parties shall submit a signed written plea agreement on or before the deadline set forth below. If no plea agreement is submitted by that date, no guilty plea will be accepted other than as charged to the indictment. The following deadlines shall apply in this case:

**SIGNED** RULE 11 PLEA AGREEMENT:  **June 26, 2007 at 3:00 p.m.**

FINAL STATUS CONFERENCE/ENTRY OF PLEA:     **June 26, 2007 at 3:00 p.m.**

TRIAL DATE AND TIME:          **Tuesday, July 10, 2007 at 8:30 a.m.**

**IT IS YOUR RESPONSIBILITY TO CONFIRM THE TRIAL DATE AS IT APPROACHES WITH FELICIA M. MOSES, JUDGE LAWSON'S CASE MANAGER, AT (313) 234-2660.**

MOTION FILING DEADLINE:          **June 5, 2007**

MOTION HEARING DATE:             **will be set if motions are filed**

DEADLINE FOR **SUBMITTING** WITNESS LISTS, PROPOSED VOIR DIRE, JURY INSTRUCTIONS, LIST OF EXHIBITS:     **this deadline will be established by the Court at the final pretrial conference.  These documents are to be sent directly to Judge Lawson's chambers.  They are NOT to be electronically filed or otherwise submitted to the Clerk's Office.**

1.      **ATTORNEY CONFERENCE AND DISCLOSURE**

Within ten (10) days of the date of arraignment, government and defense counsel shall meet and confer for the purpose of resolving or minimizing the issues in controversy.  ***Upon the request of defense counsel, government counsel shall:***

    (A)  provide defense counsel with the information described in Federal Rules of Criminal Procedure 16(a)(1); and

    (B)  permit defense counsel to inspect, copy or photograph any exculpatory/impeachment evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 105 (1972).  A list of such evidence shall be prepared and signed by all counsel.  Copies of the items which have been disclosed shall be initialed or otherwise marked.

Nothing in this Order shall be construed to require the disclosure of Jencks Act material prior to the time that its disclosure is required by law.

2.      **DISCLOSURE DECLINED**

If, in the judgement of government counsel, it would be detrimental to the government's interests to make any of the disclosures set forth in the paragraph above, the government shall file a motion within the ten-day period seeking relief from this Order and setting forth the specific reasons therefore.

3.      **CONTINUING DUTY**

The duty to disclose is continuing, even throughout trial.

4.      **DISCOVERY BY THE GOVERNMENT**

This Order is not designed to preclude discovery by the government under the Federal Rules of Criminal Procedure, nor to alter the Defendant's obligation, if any, under Rule 16(b).

5.     **E-FILING**

Except as specified otherwise in this Court's ECF Policies and Procedures, or by other court order, all court papers filed after November 30, 2005, ***must be filed electronically***.  **ALL** attorneys must become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

Attorneys shall furnish to chambers paper copies of **appendices** in support of motions that have been e-filed, limited to the following material: (1) exhibits that contain materials that cannot be adequately understood in copied form (e.g., color photographs, color graphs and charts;  (2) appendices that exceed 50 pages in length; (3) motions with exhibits that exceed 3 in number.  Paper copies of appendices may be sent by ordinary mail posted within one (1) business day of the e-filing date.  Paper copies should be directed to chambers and **NOT** filed with the Clerk's Office.

**WARNING!  Under the E-Government Act of 2002, certain information must not be included in court documents.  Before filing any court documents, either electronically or in the traditional manner, read the privacy notice that can be found at http://www.mied.uscourts.gov/_general/egovtnotice.pdf.**

6.     **MOTIONS**

All pre-trial motions are to be filed on or before **June 5, 2007**.  If motions are filed, the government will have the time allowed in the rules for response: 14 days for non-dispositive motions, 21 days for dispositive motions.

7.     **EXHIBITS**

(A)     Marking of Exhibits

Counsel are required to mark all proposed exhibits in advance of trial.  The preferred method is to use the traditional "Government's Exhibit ___" (yellow) and "Defendant's Exhibit ___" (blue) stickers, but any clearly marked method is acceptable.  A consecutive numbering system should be used by each party.  Numbers used by one party shall not be used by other parties.

(B)     List of Exhibits

A list of proposed exhibits shall be submitted directly to Judge Lawson's chambers by each of the parties by the deadline established at the final pretrial conference. However, no later than one (1) week before the final status conference, each party shall make available for inspection all exhibits which that party will introduce at trial. This provision shall not extend the time for disclosure and inspection of material previously ordered herein.

(C)     Foundation for Exhibits

When a party has inspected an exhibit which the opposing party intends to introduce in evidence, the foundation for its receipt into evidence will be deemed established unless the objecting party files a notice with the Court at or before the final status conference that the foundation for admission into evidence of the exhibit will be contested.

(D)     Objections to Exhibits

This Order shall not affect the right of a party to object at the time of trial to the introduction of an exhibit other than on the basis of foundation.

(E)     Scientific Analysis

When a defendant has been made aware of the existence of the scientific analysis of an exhibit, the results of the analysis and the opinion of the scientist will be admitted into evidence unless the defendant files a notice with the Court by the time of the final status conference, that the scientific analysis of the exhibit will be contested. Such notice shall state whether the expert is desired as a witness.

(F)     Keeping Track of Admitted Exhibits

Counsel are required to keep track of all admitted exhibits during trial. See attached exhibit form.

(G)     Voluminous Exhibits

If exhibits are voluminous, exhibits used for each witness should be bound separately and binders should be provided to the Court and each juror.

(H)     Preparing Exhibits For Jury Deliberation

Counsel must confer and purge from one set of binders or files all exhibits not admitted during the

course of trial.  Such exhibits should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

(I)     Filing of Exhibits

It is the responsibility of the parties to see that the record is complete.  All trial exhibits, briefs, etc., are to be e-filed by registered users, or filed with the Clerk's Office in accordance with the local court rules by non-registered users.

(J)     Full Disclosure

The Court requires full disclosure to opposing counsel of computer generated visual or animated evidence, and full disclosure of underlying data.

(K)     Electronic Aids

Any party intending to use electronic aids to display evidence at trial shall disclose that intention to the Court and all other parties at or before the final pretrial conference.  Parties are responsible for providing equipment for such purpose.

(L)     Penalty

Failure to abide by the provisions of this Order may preclude the introduction of exhibits by the offending party at trial.

**8**.     **WITNESS LIST**

By the deadline established at the final pretrial conference, and to enable the Court to better estimate the length of trial, each party shall submit directly to Judge Lawson's chambers a list of witnesses, described by name and description, which it reasonably anticipates will be called to testify at trial, noting the approximate amount of time the party anticipates will be needed for examination of each witness.  The list shall have attached to it a statement that the list has been served on opposing counsel. This list and proof of service are **NOT** to be electronically filed or otherwise submitted to the Clerk's Office.

**9**.     **JURY INSTRUCTIONS**

The parties are hereby ordered to meet and confer prior to trial to discuss jury instructions. By the deadline established, the parties are to submit directly to Judge Lawson's chambers a single set of proposed, stipulated jury instructions. The Court will provide proposed opening and closing instructions, and counsel are responsible for all instructions related to their specific claims or defenses. All such instructions are to be submitted in typewritten form (double spaced) and on computer disk compatible with WordPerfect version 12.0; each instruction shall contain references to authority (*e.g.*, "Devitt and Blackmar, Section 11.08"), and each instruction shall be on a separate page. In addition, each party shall separately submit directly to Judge Lawson's chambers any additional proposed instruction (in the same form) to which any other party objects. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching agreement as to an acceptable form.

On the first day of trial, the Defendant shall furnish the Court with the "defense theory" (*see* Sixth Circuit Pattern Jury Instructions 6.01) if the Defendant desires such an instruction. The defense theory is to be submitted in typewritten form (double spaced) and on computer disk compatible with WordPerfect version 12.0.

**10**. **VOIR DIRE**

In jury cases, the Court will conduct the initial voir dire. Counsel may be permitted to question prospective jurors.

**11**. **JUROR NOTE TAKING**

Jurors will be allowed to take notes.

**12.** **ALTERNATE JURORS**

If more than twelve (12) jurors are selected, alternate jurors shall be removed by lot at the conclusion, unless a party objects to this process at or before the final status conference. If objections are made, the last jurors drawn during the selection process shall be deemed the alternate jurors.

**13**. **BENCH TRIAL**

In bench trials, proposed findings of fact and conclusions of law must be submitted at the commencement of trial.

**14**.  **CONTINUANCES**

Continuances of trial dates or continuances during trial will not be granted because of unavailability of witnesses.  Please notify this Court if Court intervention is necessary to secure witness attendance. Otherwise, witnesses will be expected to be available when called.

**15.**  **FINAL PRETRIAL CONFERENCE**

At the final status conference counsel shall be prepared to discuss all matters that will promote a fair and expeditious trial, including but not limited to:

A.    Anticipated evidentiary issues;
B.    Length of trial;
C.    Stipulations which may make it unnecessary to call foundation witnesses;
D.    Stipulations which may  make it unnecessary to prove facts that are uncontested;
E.    Stipulations which may make it unnecessary to admit certain exhibits;
F.    Peremptory challenges; and
G.    Special arrangements (handicapped parties/witnesses, A/V needs, interpreters, etc.).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 15, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 15, 2007.

s/Felicia M. Moses

cc: Pretrial Services
cc: U.S. Marshal's Service

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |