UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY TRANELL YOUNG,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

_____ /

Criminal Case Number 07-20246
Civil Case Number 08-15289
Honorable David M. Lawson

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Gary Tranell Young was convicted upon his plea of guilty of violating the Controlled Substances Act and sentenced to 240 months in prison. His sentence was reduced later to 168 months. He filed a motion under 28 U.S.C. § 2255 to vacate his sentence, contending that the prior conviction identified in the penalty enhancement information filed under 21 U.S.C. § 851 was not a qualifying conviction and his trial counsel was constitutionally ineffective by failing to raise and dispute that point at sentencing and by failing to negotiate a better plea agreement for the petitioner. On March 27, 2012, the Court denied Young's motion.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that the petitioner has failed to make a substantial showing that he was denied his constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 1, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 1, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL